[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO REOPEN EVIDENCE AND PRESENT NEWLY DISCOVERED EVIDENCE
Facts
On June 11, 1990, this case was tried on the plaintiff's complaint seeking damages from the defendant for a lockout which occurred on January 23, 1989.
On July 6, 1990, the defendant filed this motion to reopen the evidence and present newly discovered evidence. The motion was based on the discovery by the defendant that this plaintiff was also the plaintiff in the case of Price v. Devino, CV-87-080758S, a case tried at the Waterbury Judicial District Courthouse on July 3 and 5, 1990, and that in the Devino case, the plaintiff testified that he has been unable to work. Therefore, argued the defendant, the lockout could not have caused the losses which he attributed to the defendant Veronneau for interrupting his business.
The court advised counsel at the conclusion of the hearing on the motion that, though it seemed this information could have been discovered by the defendant via discovery and deposition, a fraud may have been committed on the court. A transcript of the plaintiff's trial testimony in this case was ordered to enable the court to address this motion and the alleged improprieties.
Discussion CT Page 2231
The standard for reopening a trial based on newly discovered evidence was recently restated by our Supreme Court in Besade v. Interstate Security Services, 212 Conn. 441 (1989); at page 452, the court stated:
 "The petitioner must demonstrate by a preponderance of the evidence, that: (1) the proffered evidence is newly discovered, such that it could not have been discovered earlier by the exercise of due diligence; (2) it would be material on a new trial; (3) it is not merely cumulative; and (4) it is likely to produce a different result in a new trial."
Asherman v. State, 202 Conn. 429, 434 (1987); Kubeck v. Foremost Foods Co., 190 Conn. 667, 670 (1983); Lombardo v. State, 172 Conn. 385,390 (1977).
 "In determining the potential impact of new evidence, the trial court must weigh the evidence in conjunction with the evidence presented at the original trial." Asherman, supra. The determination of whether to grant a new trial is within the discretion of the trial court upon an examination of all the evidence. Id.
 I
The defendant's allegation as to Price's claim of disability does not accurately describe the testimony of Price in the Devino case when viewed in its entirety. The alleged assault on the plaintiff by Devino occurred in 1987. Price testified he was prevented from working full time for a period of six months. Under cross-examination, he testified as to the assistance he received and needed, and stated that by July, 1987, he was working part time. He was at work most of the time in July, August and September of 1987 and got jobs out during the six month period between January and July, 1987.
Price's testimony in Devino demonstrates only an impaired earning capacity and not a permanent disability and inability to work. Consequently, he was able to work in January, 1989, at the time of the lockout. Since he never claimed to be totally disabled, his claim of lost earnings for 1989 is not inconsistent with his claims in the Devino case.
 II
In his supplemental memorandum of law in support of his motion to reopen, the defendant cites alleged contradictions in the plaintiff's testimony on the issue of damages. An examination of Price's testimony in Devino reveals that Price was cross-examined CT Page 2232 about the relationship between the Devino and Veronneau lawsuits. During the cross-examination and recross-examination, Price testified that in Veronneau he was never asked about the Devino case and that the injury at issue in Devino was responsible for a loss of seventy to eighty percent of his overall business, and that the injury at issue in Veronneau was responsible for the loss of the rest.
His testimony on redirect examination distinguished the damages claimed in each of the lawsuits at issue. On redirect, Price testified that the damages resulting from the lockout were not the same as those claimed in Devino, with the exception of the loss of same as those claimed in Devino, with the exception of the loss of one customer, J. L. Clark. Price testified that as a result of the assault at issue in Devino, he lost the following customers: Elisco, Liberty, Container Supply, and Anchor Fastener.
During the redirect, Price went on to testify that the lawsuits do not represent a duplication of the same injuries but a progressive reduction of overall business. Finally, Price testified that he was never back to "full production."
In the present case, the plaintiff testified that he was injured by the loss of Astro Sprinkler Limited, Fire Mattock Sprinkler Devices, Tool Mate company and J. L. Clark. An examination of the transcript demonstrates that with the exception of J. L. Clark, the claims of injury in each case do not involve the same companies or losses.
As to the reduction of production for and eventual loss of J. L. Clark as a customer, there is a discrepancy in the testimony between these two cases. In Devino, Price testified that by 1987 his sales to J. L. Clark had been reduced from two million parts to 200,000 parts per year. (Devino trans., pp. 85-86). However, in Veronneau, the plaintiff Price testified that prior to the lockout he was producing one million parts per year for J. L. Clark and that after he lost them completely as a customer.
Since the two lawsuits involved the loss of different customers, except J. L. Clark, it could be argued that the plaintiff's business could have been reduced by seventy to eighty percent due to the 1987 incident and leave the remaining business for the injuries claimed in the Veronneau case. Therefore, while there is a discrepancy in the testimony regarding J. L. Clark, the plaintiff's overall testimony in Devino is not inconsistent with the damages claimed in Veronneau.
 III
Finally, the defendant claimed that because the plaintiff testified that seventy to eighty percent of his overall business losses were due to the assault, any damage award received in CT Page 2233 Veronneau should be reduced by seventy or eighty percent. However, the plaintiff testified that the losses in each case were progressive and not repetitive of each other and that the jumping off point of where you measure the damages was different in each case. Therefore, defendant's conclusion that the awarded damages should be reduced by seventy to eighty percent does not follow from the testimony given.
 IV
The facts demonstrate that the Devino complaint was filed in the Superior Court in 1987, that the interrogatories in Devino were answered on April 12, 1989, and that Price's deposition in Devino was taken on April 7, 1989. The evidence defendant seeks to introduce could have been discovered by the exercise of due diligence on the part of defendant prior to the trial in Veronneau held on June 11, 1990.
Furthermore, the evidence which defendant seeks to introduce would not be material to a new trial since it only points to one discrepancy in Price's testimony. Finally, because the new evidence only identified one discrepancy in testimony, it is not likely to produce a different result.
Conclusion
The defendant's motion to reopen the evidence and present newly discovered evidence is denied.
DeMayo, Judge